# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 04-32662 |
| | Chapter 11 |
| DORSEY TRAILER COMPANY, INC., | |
| Debtor. | |
| | |
| DORSEY TRAILER COMPANY, INC., | Adv. Pro. No. 06-3080 |
| Plaintiff, | |
| v. | |
| TRADE LAND CATTLE, LLC, and ROD SCHEER, | |
| Defendants. | |

## MEMORANDUM DECISION

### I. Procedural Setting

This Adversary Proceeding came before the Court for trial on May 24, 2007. Plaintiff Dorsey Trailer Company, Inc., was present by counsel Von G. Memory. The Defendants were present by Rod Scheer. Rod Scheer moved for a continuance at the time the case was called claiming that he needed time to obtain counsel. The Court notes that the complaint was filed on August 31, 2006. (Doc. 1). On February 13, 2007, the Court conducted a telephonic pretrial conference. The Defendants were represented at that conference by Montgomery, Alabama lawyer Britt Batson Griggs, and the Court announced that this Adversary Proceeding would be tried during the week of May 21, 2007. Later in February of 2007, Griggs filed notice that she

no longer represented the Defendants in this Adversary Proceeding.[1] (Doc. 16). On March 2, 2007, Rod Scheer filed a answer, acting pro se. (Doc. 17). No appearance was made for the Defendants at the final pretrial conference on May 8, 2007. It does not appear that the Defendants have been diligent in their defense of this matter and the Court finds that the Defendants have not shown good cause for a continuance. For this reason, the motion for a continuance was denied.

## II. Facts

On March 13, 2006, Plaintiff Dorsey Trailer Company, Inc., and Defendant Trade Land Cattle, LLC, entered into a contract for the sale of certain land in Elba, Alabama, consisting of manufacturing facilities and grounds of Dorsey Trailer. (Pl. Ex. 9). The purchase price was $2.4 million, and the transaction was to close within 10 days of the date of this Court's order approving the sale, or April 15, 2006. The evidence showed that Dorsey Trailers was ready to close the transaction and that all conditions had been satisfied. Trade Land deposited $200,000 to secure its performance under this contract; however, transaction was not closed because Trade Land could not fund the purchase. Trade Land breached its contractual obligation to purchase the property.

Rod Scheer testified that the transaction did not close because of the untimely death of an investor. However, the March 13, 2006 contract does not have any contingencies which would excuse Trade Land's performance. Indeed, Paragraph 6.06 of the contract provides that "[p]urchaser's obligations under this Agreement shall not be subject to any contingencies,

---

[1] Griggs was retained shortly before the February 13 hearing, but never entered a formal entry of appearance.

-2-

diligence or conditions except as expressly set forth in this Agreement." (Pl. Ex. 9, p. 10). Furthermore, Paragraph 6.08 of the contract states that "[p]urchaser has, and on the Closing Date will have, immediately available funds, in cash, sufficient to pay the Purchase Price and to pay another other amounts payable by Purchaser pursuant to this Agreement." (Pl. Ex. 9, p. 10).

Dorsey Trailers offered evidence that Trade Land removed steel from the Elba property and sold it for scrap, realizing $35,082.09. (Pl. Ex. 18). This was done while Trade Land was ostensibly conducting its due diligence on the property. Not only did Trade Land not fund the purchase price for the property, but it stripped the property of value. Dorsey Trailers has now entered into a contract with Pitts Enterprises, Inc., for the purchase of the manufacturing facilities and lands of Dorsey Trailers. The contracted purchase price is $2 million, $400,000.000 less than Dorsey was contracted to receive from Trade Land.

### III. Conclusions of Law

First, this Court determines that Trade Land breached the contract it had with Dorsey Trailers. The contract here is unambiguous and plain in its expression. Trade Land agreed to purchase certain land and assets from Dorsey Trailers for $2.4 million, and the closing was set to take place on or before April 15, 2006. Trade Land did not close on the specified date and did not pay the agreed to purchase price. Although Scheer attempted to argue that the untimely death of an investor led to the breach, the contract provided for no such contingencies. "Where a contract is unambiguous and plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair." Lilley v. Gonzales, 417 So.2d 161, 163 (Ala. 1982). Therefore, this Court determines that Trade Land is liable to Dorsey Trailers for breach

of contract.

The Asset Purchase Agreement clearly provided that the seller may claim the earnest money deposit upon breach. (Doc. 9, p. 15). Paragraph 9.01 states that "[i]n the event of any breach of any provision of this agreement the Parties . . . may either elect to terminate this agreement, claim and appropriate the earnest money deposit, bring an action for specific performance and initiate such other legal actions and claims as may be appropriate and available." (Doc. 9, p. 15). Therefore, based on the damages provision provided for in the contract, this Court determines that the seller, Dorsey Trailers, is entitled to retain the $200,000.00 earnest money deposit.

Alabama law is clear that the proper measure of damages for breach of contract involving the sale of property is the difference between the contract price and the market value of the property on the date of the breach. See Duncan v. Rossuck, 621 So.2d 1313, 1315-16 (Ala. 1993). It is undisputed that the contract price was $2.4 million; however, there was no evidence presented as to the fair market value on the date of the breach. Alabama courts hold that in order to obtain damages for the difference in value, the party must present evidence as to the fair market value on the exact date of the breach. See, e.g., Brett v. Wall, 530 So.2d 797, 799 (Ala. 1988) (holding that the non-breaching party was not entitled to damages when there was no evidence of the fair market value of the property on the date of breach presented); Harrington v. Feld, 586 So.2d 220, 221 (Ala. Civ. App. 1991) (holding that the non-breaching party was not entitled to damages when the evidence presented at trial was based on the fair market value of the properly three months after the breach).

Dorsey Trailers has not presented any evidence as to the fair market value of its land and

-4-

assets on April 15, 2006, the date of breach. Alabama courts are clear that failing to present evidence as to the market value on the date of breach is "a failure of proof on the element of damages essential to recovery." Brett, 530 So.2d at 799. Therefore, Dorsey Trailers may not recover any damages for breach over and above the $200,000.00 earnest money deposit.

## IV. Conclusion

This Court finds that because Trade Land breached its contract with Dorsey Trailers, Dorsey Trailers is entitled to retain the $200,000.00 earnest money deposit. As Dorsey Trailers has not presented any evidence as to the fair market value of the property on the date of the breach, it is not entitled to any damages over and above the earnest money deposit.

Done this the 30th day of May, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

Case 06-03080    Doc 20    Filed 05/30/07    Entered 05/30/07 13:58:16    Desc Main
Document    Page 5 of 5