UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                Case No. 04-32662
                                                                     Chapter 11
DORSEY TRAILER
COMPANY, INC.,

      Debtor.


DORSEY TRAILER
COMPANY, INC.,                                                       Adv. Pro. No. 06-3080

      v.

TRADE LAND CATTLE, LLC,
and ROD SCHEER,

      Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Reconsider filed by Plaintiff Dorsey Trailer Company, Inc. (Doc. 24). The Court heard arguments on the motion on June 26, 2007. For the reasons set forth below, the motion is GRANTED.

## I. FACTS

On May 30, 2007, the Court entered judgment in favor of Plaintiff Dorsey and against Defendant Trade Land Cattle, LLC, in the amount of $200,000.00, permitting Dorsey to retain the $200,000.00 earnest money deposit. (Docs. 20, 21). Dorsey contends that it is entitled to judgment in its favor against both Defendants Trade Land Cattle and Rod Scheer for conversion of scrap metal in the amount of $35,082.09, in addition to the $200,000.00 judgment permitting it to retain the earnest money deposit.

The conversion claim of Dorsey arose out of a contract for the sale of property in Coffee County, Alabama. In the course of the proceedings leading up to the intended but aborted closing, Defendant Rod Scheer took possession of the Coffee County property and sold scrap metal which was then on the property. The scrap metal was sold to Ellis Metals who paid Trade Land Cattle $35,082.09. (Pl. Ex. 18).

The metal was property of Plaintiff Dorsey and thereby was property of the estate. Scheer did not have the right to sell the property, and by selling the scrap steel and giving the proceeds to Trade Land Cattle, property of the estate of Dorsey was converted. At the time Scheer sold the scrap steel, he intended to proceed with the purchase of the Coffee County property. While he should have disclosed the matter to counsel for Dorsey, the Court finds that Scheer was under the good faith, although mistaken, impression that he was entitled to sell the property. However, even if Scheer was under the impression that his conduct was proper at the time, when the sale of the real estate later fell through for lack of an investor, the proceeds of the sale of the scrap steel should have been turned over to Dorsey. While Scheer's conduct was improper, it was not sufficiently egregious so as to make him liable for punitive damages.

## II. LAW

The Plaintiff's motion is styled as one for "reconsideration;" however, it is construed as one to alter and amend the judgment, which is governed by the provisions of Rule 9023, FED. R. BANKR. P. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (E), (N), and (O). In the alternative, the Court finds that the Defendants have not objected to the Plaintiff's assertion that

this is a core proceeding and therefore, have consented to trial and entry of final judgment by the undersigned bankruptcy judge.

Dorsey contends that the Court's May 30, 2007 judgment is in error as it fails to compensate it for the scrap steel removed from the Coffee County property.  The precise question here is whether the $200,000.00 in liquidated damages for breach of the contract to purchase the property is duplicative of the $35,082.09 sought for conversion.  As these two damage awards are for independent causes of action, the Court concludes that they are not duplicative.  Accordingly, the Court finds that Dorsey's motion should be granted and that the judgment should be amended as requested.

In order to establish a cause of action for conversion, the plaintiff "must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use of misuse of another's property, or a wrongful detention or interference with another's property."  Riscorp, Inc. v.Norman, 915 So.2d 1142, 1152 (Ala. 2005) (quoting Crown Life Ins. Co. v. Smith, 657 So.2d 821, 823 (Ala. 1994)).  When the contract between Dorsey and Scheer fell through, Scheer should have paid the proceeds from the sale of the scrap metal to Dorsey.  By not turning over the profit from the sale, Scheer illegally misused property that belonged to Dorsey.  Therefore, this Court finds that Scheer converted property of the estate of Dorsey.

The next question is whether Defendant Rod Scheer should be held individually liable on the judgment for conversion.  Scheer contends that he should not be held individually liable as he was acting in a corporate capacity.  The Court notes that the $35,082.09 was paid to Trade Land Cattle and not to Scheer individually.  "In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated,

irrespective of whether they were acting in a corporate capacity." Consolidated Constr. Co. of Ala. v. Metal Bldg. Components, __ So.2d __, 2007 WL 80799, at *3 (Ala. Jan. 12, 2007). As Scheer took possession of the scrap steel, sold it and directed that the proceeds be paid to Trade Land Cattle, he had sufficient personal participation so as to make him personally liable for conversion of the scrap steel and the proceeds.

### III. CONCLUSION

For the reasons set forth above, the motion to alter and amend the judgment of this Court is GRANTED. The Court will enter an amended judgment by way of a separate document.

Done this the 23rd day of July, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge